IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL ROSARIO-FRANQUI and
ELIZABETH PADIN-HERNANDEZ on their
own behalf and on behalf of the conjugal
partnership constituted by them

Plaintiffs

vs                                                                CIVIL 98-1896CCC

POLICE OFFICER JOSE NEGRON-
VAZQUEZ, individually and in his capacity as
Puerto Rico Police Officer; FELIX M.
MELENDEZ-RAMOS, MYRNA MONTANEZ,
individually and in their capacities as Puerto
Rico Agent Officers; LUIS A. SERRANO-
ROJAS, individually and in his capacity as
Puerto Rico Police Sergeant; OFFICER PEDRO
TOLEDO-DAVILA in his personal capacity,
JOHN DOE and JANE DOE, unknown police
officers of the Commonwealth of Puerto Rico

Defendants



## OPINION AND ORDER

Presently before the Court is a Motion for Summary Judgment pursuant to Rule 56 Fed.R.Civ.P. and a Supplement thereto filed by the defendants (**docket entries 14 and 47**) and opposed by the plaintiffs (**docket entry 21**). Defendants claim that plaintiffs have not established a cause of action under 42 U.S.C. §1983 because there is no concrete evidence to support their allegations of misconduct on the part of the police officers or of actions that violated their constitutional rights. They also contend that there was probable cause to request a search warrant. Plaintiffs argue in their opposition that agent Negrón's sworn statement does

CIVIL 98-1896CCC                                  2

not provide probable cause for the issuance of a search warrant because his testimony was fraught with untruthful representations and that the search warrant was executed in a manner which violated their constitutional rights.

After careful consideration of the allegations and memoranda submitted by the parties, the Court finds that the Motion for Summary Judgment must be denied and Partial Summary Adjudication be entered.

## I. FACTUAL BACKGROUND

On or about April 24, 1998, police sergeant Nelson Rivera Pérez assigned to co-defendant José Negrón Vázquez ("Negrón") a complaint alleging that Mr. Rafael Rosario Franqui ("Rosario") was concealing firearms in his house. (Sworn Statement of Agent Jose Negrón Vázquez) On April 28, 1998, Negrón went to said residence and once he spotted plaintiffs' house he returned to the Police Department General Headquarters to inquire if Rosario had been authorized to either possess or carry firearms. That inquiry revealed that Rosario's permit to carry handguns had expired since May 3, 1986. Id.

Agent Negrón returned to Rosario's house on or about May 5, 1998. As Rosario stepped out of his vehicle, he noticed that he was carrying a handgun. On May 7, 1998 Negrón went before an Arecibo Municipal Judge to obtain a search warrant. He subscribed a sworn statement narrating these facts and obtained a search warrant.

The warrant was executed in the early hours of May 8, 1998. At this point of the narrative, the parties part ways. Defendants claim that they knocked and announced their presence before going in and that the search of the house was conducted without any incident

CIVIL 98-1896CCC                                            3

or excessive use of force. Plaintiffs allege that the officers knocked the front entrance door down, that they were physically and verbally abused, and that they were held down at gunpoint. (Opposition Motion for Summary Judgment at p.2) These allegations are not supported by plaintiffs' own deposition testimony.

II DISCUSSION

The main objective of the motion for summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Hayes v. Douglas Dynamics Inc., 8 F.3d 88,90 (1st Cir. 1993). An entry of summary judgment is appropriate if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Vega-Rodríguez v. Puerto Rico Telephone Co., 110 F.3d 174, 178 (1st Cir. 1997); De Jesús-Adorno v. Browning Ferris of Puerto Rico, 160 F.3d 839, 841 (1st Cir. 1998).

However, under Rule 56(d)[1] if the district court concludes that summary judgment should not be granted because there are genuine issues of material facts to be tried, it is empowered to enter an order specifying the facts that appear without substantial controversy.

---

[1]Rule 56(d) reads as follows "If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." (Quotations ours.)

CIVIL 98-1896CCC                                            4

See. Wright & Miller, Federal Practice and Procedure: Civil 2d, §2737 at p. 311.

We find that in the case at bar a Rule 56(d) determination is proper. Although plaintiffs allege that police officers Serrano, Montañez, Negrón Vázquez and Meléndez entered their house, destroyed their property and treated them in a violent and/or "brutal" manner, (see. ¶9 of the Complaint) these allegations were defeated by their own admissions during their deposition testimony. Elizabeth Padín ("Padín"), a police officer herself, complained about the way the search warrant was conducted in that she was not treated as a police officer but as a common citizen. In her deposition she specifically stated that: "They did not treat me as a co-worker, they treated me as a civilian, as an individual citizen. At that time they did not treat me in any respect as a colleague, a co-worker." (Elizabeth Padín's deposition, Exhibit 10 Motion for Summary Judgment)

Claimants also alleged that the police officers violated their constitutional rights when they threatened to knock the door down if they did not open it. The two plaintiffs have given conflicting versions as to whether their front entrance door was knocked down. While Rosario stated in his deposition that defendants "entered breaking the door down and breaking things," his spouse, co-plaintiff Padín, stated during her deposition that she told the police officers: "I'm going to open the door." She further testified that she "proceeded to open the gate and then [I] had to open another door which is a glass door, the main door, there are two doors. Then four persons walked into my residence...." (Padín's deposition p. 7, lines 10-14.) Asked whether "they actually knocked the door down," she answered: "They did not knock it down. I indicated that I had the keys in my hand and I was opening it at that time." (Padín's

CIVIL 98-1896CCC                                     5

deposition p. 10, lines 8-10.) She asserts this a third time during her deposition when she testified that: "Well, they did not knock the door down because I opened it quickly." (Padín's deposition at pp. 14-15, lines 23-1.)

Even if we were to disregard plaintiff Padín's own admissions, the threat to knock down or the actual break of the door do not rise to a Fourth Amendment violation.

In Aponte Matos v. Toledo Dávila, 135 F.3d 182, 191 (1st Cir. 1998), plaintiffs alleged in support of their excessive force claim that the officers failed to announce their presence, that ten to fifteen officers were involved in the search, that they used an ax to knock down the door, used dogs during the search and directed threatening behavior and words at one of them. The First Circuit concluded that under these circumstances it was doubtful that "any Fourth Amendment violation at all ha[d] been stated, let alone one unreasonable enough to overcome official immunity." Id. at 192.

In this case, the police officers' action in threatening to knock the door down is also reasonable. Police officers Serrano, Montañez, Negrón Vázquez and Meléndez were in the midst of executing a search warrant where they expected to find firearms. When these police officers arrived at plaintiffs' house they did not know what kind of resistance they would encounter. Furthermore, Padín admitted that, when she heard noises outside the house, she drew her gun and approached the front door. (Padín's deposition at p. 6.) ("I proceeded to get out of bed along with my husband. I took my official weapon in my hand, at all times I did not know what was going on outside.") We conclude that the police officers' action during the execution of the search warrant were objectively reasonable. See Aponte Matos, supra, at 191.

CIVIL 98-1896CCC                                    6

("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision off hindsight.") Here, as in Aponte Matos, supra, there were no arrests, no physical force used on the plaintiffs or physical harm inflicted upon them. There is no evidence that the search itself was conducted in an abusive or disorderly manner. Padín's protestation that she was not treated with the courtesy she expected from her fellow police officers does not make their actions unreasonable.

Nevertheless, plaintiffs' contention that Negrón's affidavit contains false information raises a material issue of fact. In his sworn statement in support of the request for the issuance of a search warrant, agent Negrón represented to the Municipal Judge that Rosario had failed to turn over his Magnum 357 revolver, the Remington Shotgun and the 30 caliber carabine after his licenses to carry firearms had expired. (See Exhibit 8 Motion for Summary Judgment) Negrón also indicated that as part of his investigation on the weapons violation complaint, he went to the Arecibo police headquarters and was told that Rosario had not surrendered any of his weapons. Id. However, defendants' own exhibits show that Rosario had surrendered his Remington Shotgun to the Police Department on March 5, 1986 and that the Court of First Instance, District Court, ordered that weapons be returned to Rosario. (Exhibits 5, 6 Motion for Summary Judgment.) This discrepancy creates a factual controversy that should be resolved by a jury, not summarily by this Court.

For the reasons stated, we find that there is no substantial controversy as to the lack of excessive use of force on the part of defendants Serrano, Montañez, Negrón Vázquez and

CIVIL 98-1896CCC                                    7

Meléndez. As to the claim of the alleged false statements contained in Negrón's affidavit in support of the search warrant request, the Court finds that this a fact as to which there is a genuine issue.

For the reasons stated above, the Motion for Summary Judgment and the Supplement thereto (**docket entries 14 and 47**) are DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2000.

CARMEN CONSUELO CEREZO
United States District Judge

s/c I. Vega
    E. Hidalgo
    L. Doble
         4-7-00