IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL ROSARIO-FRANQUI and
ELIZABETH PADIN-HERNANDEZ on
their own behalf and on behalf of the
conjugal partnership constituted by them

Plaintiff

vs                                              CIVIL 98-1896CCC

POLICE OFFICER JOSE NEGRON-
VAQUEZ, individually and in his capacity as
Puerto Rico Police Officer; FELIX M.
MELENDEZ-RAMOS, MIGNA
MONTAÑEZ, individually and in their
capacities as Puerto Rico Agent Officers;
LUIS A. SERRANO-ROJAS, individually and
in his capacity as Puerto Rico Police Sergeant;
OFFICER PEDRO TOLEDO-DAVILA in his
personal capacity, JOHN DOE and JANE
DOE, unknown police officers of the
Commonwealth of Puerto Rico

Defendants

## RULING ON MOTION FOR RECONSIDERATION

Presently before the Court is defendants' unopposed Motion for Adjudication of Outstanding Issues and for Reconsideration (**docket entry 53**). In their motion, defendants argue that certain issues were left unaddressed by this Court, to wit, whether any of the appearing defendants is entitled to qualified immunity; whether defendant Pedro Toledo-Dávila is liable under the theory of supervisory liability; and whether plaintiffs' First and Fourteenth Amendment rights were violated. See Motion for Adjudication of Outstanding Issues at p. 1-2.

I. PROCEDURAL BACKGROUND

Plaintiffs filed this action on August 11, 1998 alleging that the defendants violated their constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. See Complaint at p.1. On March 31, 2000 this Court found that plaintiffs' conflicting deposition testimony failed to establish an excessive use of force claim. This was the

primary claim raised by plaintiffs and discussed in their memorandum. By inadvertence the other issues pointed out by defendants in their reconsideration motion

II DISCUSSION

Plaintiffs invoked both the First and Fourteenth Amendments in support of their unreasonable search and excessive force claims. However, the Supreme Court held in Conn v. Gabbert, 526 U.S. 286, 293, 119 S.Ct. 1292, 1296 (1999) that:

> "... where another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision and not the more generalized notion of 'substantive due process.' Graham v. Connor, 490 U.S. 386, 395 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Challenges to the reasonableness of a search by the government agents clearly fall under the Fourth Amendment, and not the Fourteenth." (Emphasis and quotations ours.)

Plaintiffs' allegations, as stated in the complaint, were geared to strike at the reasonableness of the execution of a search warrant. This challenge must be made under the Fourth Amendment not the First nor the Fourteenth. Conn., supra.

Having previously dismissed the excessive force claims against police officers Félix M. Meléndez Ramos, Myrna Montañez and Luis Serrano-Rojas, the claims against defendant Pedro Toledo-Dávila cannot stand. The claims made against the latter were premised on the allegation that defendant Pedro Toledo-Dávila properly trained and selected the members of the Police force the use of excessive force upon the plaintiffs would have been prevented. This Court having already determined that the police officers' actions were reasonable for purposes of the Fourth Amendment, the supervisory liability claims against Toledo-Dávila must fall along with the excessive force claims against the individual officers who executed the warrant. See Camilo-Robles v. Hoyos, 151 F.3d 1, 6 (1st Cir. 1998) (holding that: "for a supervisor to be liable there must be a bifurcated "clearly established" inquiry-one branch probing the underlying violation, and the other probing the supervisor's potential liability.")

AO 72A
(Rev.8/82)

Likewise the claims against police officers, Félix M. Meléndez Ramos, Myrna Montañez and Luis Serrano-Rojas must also be dismissed since the only allegations made against them were based on the alleged use of excessive force during the execution of the search warrant. The Court having concluded in its March 31, 2000 Opinion and Order that these individual police officers' actions did not violate plaintiffs' rights under the Fourth Amendment, it need not address their defense of qualified immunity.

The sole remaining defendant in this case is police officer José Negrón-Vázquez who subscribed the affidavit in support of the search warrant. There is a material issue of fact as to the credibility of affiant, to wit, whether he did what he claims in the affidavit or if he just submitted false information to obtain a search warrant without probable cause.

SO ORDERED.

At San Juan, Puerto Rico, on April 28, 2000.

CARMEN CONSUELO CEREZO
United States District Judge

s/c: E. Hidalgo
J. Ojeda
5-4-00